Filed 3/17/16  P. v. Jeon CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>IK SOO JEON,<br><br>    Defendant and Appellant. | B264479<br><br>(Los Angeles County<br>Super. Ct. No. BA428834) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melissa N. Widdifield, Judge.  Affirmed.

Ik Soo Jeon, in pro. per.; Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information charged Ik Soo Jeon with one count of willful infliction of corporal injury on a spouse, cohabitant or girlfriend (Pen. Code, § 273.5, subd. (a); count 1)[1] and one count of assault with a deadly weapon, a knife (§ 245, subd. (a)(1); count 2). The information alleged, in the commission of the offense charged in count 1, Jeon personally inflicted great bodily injury upon the victim under circumstances involving domestic violence, within the meaning of section 12022.7, subdivision (e). The information also alleged Jeon had a prior serious felony conviction within the meaning of sections 667, subdivision (a)(1), 667, subdivisions (b)-(j), and 1170.12.

Substantial evidence presented at trial demonstrates: In the early morning on August 22, 2014, the victim, Ji Yoon L., woke one of the tenants in her apartment building by knocking on his door. Ms. L. was screaming, indicating she wanted him to dial 911. When the man opened his apartment door, he found Ms. L. lying on the ground and noticed she had blood on her face. The man dialed 911, and paramedics and officers responded. One of the responding officers observed that Ms. L. was "[e]xtremely bloody" and there was "huge swelling on her face." Ms. L. told the officer her boyfriend (Jeon) had caused her injuries. During a subsequent interview at the hospital, Ms. L. told the officer Jeon punched her in the face approximately 10 times and held a kitchen knife to her throat. Ms. L. also told the emergency room physician and a detective that Jeon had caused her injuries by punching her multiple times. According to the emergency room physician, Ms. L. had "extensive" bruising on both the right and left sides of her face and also had multiple fractures in the bones in her face.

The prosecution called Ms. L. to testify at trial. Ms. L. stated she lied to the police when she told them Jeon punched her multiple times in the face and held a knife to her neck. According to her testimony, at the time of the August 22, 2014 incident, she was under the influence of alcohol and medication she was taking for depression and panic attacks. She became upset when she came home to the apartment she shared with Jeon and found him packing to leave. She threatened to kill herself and grabbed a kitchen

---

[1] Further statutory references are to the Penal Code.

knife and held it to her neck. As Jeon attempted to wrest the knife away from her, he accidentally hit her in the eye with his elbow. Ms. L. ran out of the apartment and down the stairs. She was wearing high heeled shoes and she slipped. She fell down and hit her head on the steps, sustaining injuries to her face.[2]

Jeon testified at trial in his defense. According to his testimony, he and Ms. L. had been arguing about her use of alcohol. When she came drunk in the early morning hours on August 22, 2014, he threatened to leave their apartment with his bags packed. Ms. L. grabbed a pair of scissors and held them in front of Jeon's face. Jeon tried to grab the scissors away from Ms. L. and the scissors sliced his arm, leaving a mark. After Jeon threw the scissors away, Ms. L. grabbed a kitchen knife and held it to her neck as she threatened to kill herself. Jeon tried to wrest the knife away from Ms. L. and accidentally hit her in the face with his elbow, causing her nose to bleed. Jeon sustained scratches on his arm during the struggle. When the altercation ended, Jeon brought Ms. L. a towel for her nose and took her to their bedroom to lie down. Jeon went to another room and did not notice when Ms. L. left their apartment and went downstairs to the neighbor's apartment.

Jeon waived jury trial on the prior conviction allegations in the information and admitted he had a prior conviction for attempted criminal threats, a serious felony, within the meaning of sections 667, subdivision (a)(1), 667, subdivisions (b)-(j), and 1170.12.

The jury found Jeon guilty on count 1 (corporal injury) and also found true the great bodily injury special enhancement allegation. The jury further found Jeon not guilty on count 2 (assault with a deadly weapon).

After denying Jeon's motion to dismiss his prior strike conviction under section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, the trial court sentenced him to 15 years in prison: the middle term of three years on count 1, doubled to six years under the "Three Strikes" law, plus five years for the prior serious felony

---

[2] The neighbor testified Ms. L. was barefoot when she came to his door.

enhancement under section 667, subdivision (a)(1), and four years for the great bodily injury enhancement under section 12022.7, subdivision (e).

Jeon appealed. We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On November 13, 2015, we advised Jeon that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to Jeon immediately. On December 7, 2015, Jeon filed a handwritten letter brief.

Jeon devotes several pages of his letter brief to setting forth purported conflicts in the evidence. He asks this court to reweigh the evidence and view it in a light most favorable to him. This we may not do on appeal. It is for the jury, not the appellate court, to determine the "credibility of witnesses and the weight accorded the evidence." (*People v. Ramos* (2004) 121 Cal.App.4th 1194, 1207.)

Jeon also raises ineffective assistance of counsel. "'To establish ineffective assistance of counsel, a [defendant] must demonstrate that (1) counsel's representation was deficient in falling below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation subjected the [defendant] to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the [defendant]. [Citations.] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citation.]'" (*In re Jones* (1996) 13 Cal.4th 552, 561.)

Jeon argues his trial counsel "did not bother to learn nor understand the facts of the case. He did not prepare evidence or a defense, and his overall performance during trial was extremely poor and resulted in the loss of the trial."

Specifically, Jeon faults his trial counsel for not timely preparing the following evidence to be presented at trial: (1) "proof" that Ms. L. was taking medication for a panic disorder and had twice visited the emergency room due to her panic disorder; (2) unidentified text messages; (3) letters from Ms. L. to the trial court in which she

4

professed Jeon's innocence of the charged offenses; (3) a voice recording of an argument between Jeon and Ms. L. that took place about a week before the incident during which Jeon told Ms. L. he did not want her to abuse alcohol anymore and would end the relationship if she continued to drink; and (4) photographs from Jeon's cell phone of the scratches Jeon sustained on his arm during the struggle with Ms. L.

Assuming any of the purported evidence Jeon references were admissible, he cannot demonstrate ineffective assistance of counsel based on trial counsel's failure to prepare and present this evidence. First, the evidence was cumulative. Ms. L. testified, among other things, (1) that she was taking medication for depression and panic attacks and was under the influence of the medication at the time of the incident, (2) that Jeon was innocent of the charged offenses, and (3) that Jeon threatened to leave her because she came home drunk. A police officer testified that he took photographs of the scratches Jeon said he sustained during his struggle with Ms. L. Apparently, the police department lost the memory card on which the photographs were stored, but both the officer and Jeon testified about the scratches on Jeon's arm. Second, it is not reasonably probable the outcome of the trial would have been more favorable to Jeon had trial counsel presented this additional evidence. Clearly, the jury did not find credible Ms. L.'s and Jeon's account of how Ms. L. sustained her injuries. The prosecution presented evidence, including testimony from the emergency room physician, that Ms. L.'s facial injuries were inconsistent with an inadvertent elbow to the face and a fall down the stairs, but were consistent with receiving multiple punches to the face.

The record before us does not support Jeon's other claims of ineffective assistance of counsel—that his trial counsel did not understand the facts of the case or performed poorly during trial.

Furthermore, we have examined the entire record and are satisfied that Jeon's appellate counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, Acting P. J.

We concur:

JOHNSON, J.

LUI, J.